

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| JAVIER BROWN, § | |
| Petitioner, § | |
| § | |
| vs. § | CRIMINAL ACTION NO.: 3:16-630-MGL-1 |
| § | CIVIL ACTION NO.: 3:21-568-MGL |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER
GRANTING PETITIONER'S MOTIONS TO AMEND,
DENYING WITH PREJUDICE HIS SECTION 2255 MOTION TO VACATE,
GRANTING RESPONDENT'S MOTION TO DISMISS,
DENYING PETITIONER'S MOTION TO APPOINT COUNSEL,
AND DEEMING AS MOOT HIS MOTION TO EXPEDITE**

**I.     INTRODUCTION**

Pending before the Court are Petitioner Javier Brown's (Brown) two unopposed motions to amend his motion to vacate his sentence under 28 U.S.C. § 2255 (motions to amend), Brown's motion to vacate his sentence under 28 U.S.C. § 2255 (motion to vacate), Respondent United States of America's (Respondent) motion to dismiss, Brown's motion to appoint counsel, and Brown's motion to expedite.

Having carefully considered the motions, the responses, the replies, the record, and the applicable law, it is the judgment of the Court Brown's motions to amend will be granted, Brown's motion to appoint counsel will be denied, Respondent's motion to dismiss will be granted, Brown's motion to expedite will be deemed as moot, and Brown's motion to vacate will be denied.

## II.     FACTUAL AND PROCEDURAL HISTORY

A grand jury indicted Brown in this matter. Brown initially pled guilty to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). The Court then sentenced him to 262 months' incarceration, followed by five years of supervised release.

Brown appealed. The Fourth Circuit subsequently vacated the conviction and sentence and remanded after the parties agreed Brown had received ineffective assistance of counsel.

Brown ultimately pled guilty, pursuant to a plea agreement, to possession with intent to distribute a mixture or substance containing methamphetamine and alprazolam in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and (b)(1)(E)(2). The plea agreement stated that, in the event the Court designated Brown a career offender, the government agreed "to a variance sufficient to reduce [Brown's] sentence to 120 months." Plea Agreement at 7.

At sentencing, the Court indeed designated Brown a career offender, which resulted in a guideline range of 151 to 188 months. The Court based this designation upon two South Carolina state court convictions for possession with intent to distribute crack under S.C. Code Ann. § 44-53-375(B), one in 2009 (the 2009 conviction) and one in 2010 (the 2010 conviction). In accordance with the plea agreement, however, the Court varied from the guidelines and sentenced Brown to 120 months' imprisonment followed by three years of supervised release.

Brown appealed the new judgment to the Fourth Circuit. The Fourth Circuit affirmed.

Thereafter, Brown filed the instant motion to vacate the new sentence. Respondent filed a motion to dismiss, which also constituted a response to the motion to vacate. Brown responded to the motion to dismiss, which also served as a reply to Respondent's response. Brown subsequently filed his two motions to amend, as well as the motion to appoint counsel. Respondent filed a

response to the motions to amend. Brown replied. Finally, Brown filed the motion to expedite.

The Court, having been fully briefed on the relevant issues, will now adjudicate the motions.

### III.   STANDARD OF REVIEW

A federal prisoner may move to "vacate, set aside or correct" his sentence if it

> was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

### IV.   DISCUSSION AND ANALYSIS

As an initial matter, the Court will grant Brown's unopposed motions to amend, because they relate to issues and facts raised in his motion to vacate. *See Mayle v. Felix*, 545 U.S. 644, 664 (2005) ("So long as the original and amended [2255] petitions state claims that are tied to a common core of operative facts, relation back will be in order."). The Court will therefore consider the issues raised in the motions to amend below.

#### A.   *Whether the Court should vacate Brown's sentence because he was improperly designated as a Career Offender*

Brown posits the Court erroneously designated him as a career offender, because his 2010 conviction was invalid and failed to constitute a felony controlled substance violation under the United States Sentencing Guidelines. Respondent avouches the Court properly applied the guidelines.

Under the guidelines, a defendant qualifies as a career offender if he was over eighteen when he committed the crime of conviction, which was a controlled substance felony offense, and

had previously been convicted of at least two prior felony convictions of either a crime of violence or a controlled substance offense. *See* U.S.S.G. § 4B1.1(a) (defining "career offender"); U.S.S.G. § 4B1.2(a)–(b) (explaining a prior conviction qualifies as a felony conviction if it is "punishable by imprisonment for a term exceeding one year.").

Had the Court refrained from designating Brown as a career offender, his guideline range would have been twenty-one to twenty-seven months, rather than 151 to 188 months.

### 1.     *Whether the 2010 conviction and Brown's career offender designation were invalid because it referred to "crack" instead of "cocaine base"*

Brown posits his 2010 conviction was invalid because the statute forbade possession with intent to distribute cocaine base, but he was convicted of intent to distribute crack.

But, cocaine base, a controlled substance under Federal law, is commonly referred to as "crack" cocaine. Indeed, the Sentencing Guidelines themselves define crack as equivalent to cocaine base. *See* U.S.S.G § 2D1.1, Drug Quantity Table, Notes (D) ("'Cocaine base,' for the purposes of this guideline, means 'crack.' 'Crack' is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form." (internal emphasis omitted)).

Likewise, S.C Code Ann. § 44-53-375(B) provides that "[a] person who manufactures, distributes, dispenses, delivers, purchases, or otherwise aids, abets, attempts, or conspires to manufacture, distribute, dispense, deliver, or purchase, or possesses with intent to distribute, dispense, or deliver methamphetamine or cocaine base" is guilty of a felony.

Until 2005, Section 44-53-375(B) referred to crack cocaine, rather than cocaine base. *See* 2005 S.C. Laws Act 127 (S.B. 16) (replacing crack cocaine with cocaine base). But, the added definition of "cocaine base" acknowledges that "[c]ocaine base is commonly referred to as 'rock' or 'crack cocaine'." S.C Code Ann. § 44-53-110(9).

4

Even though Brown's 2010 conviction used the informal language, crack cocaine, it was still a valid conviction and qualifies as a predicate felony controlled substance violation for career offender designation purposes.  Both the guidelines and South Carolina law recognize that crack cocaine and cocaine base are the same substance.

Although Brown fails to explicitly raise this argument as to the 2009 conviction, it also charged him with possession with intent to distribute crack cocaine.  Therefore, to the extent Brown also claims his 2009 conviction is invalid, his contentions also fail for the same reasons.

> 2. ***Whether the 2010 conviction and Brown's career offender designation were invalid because the sentencing sheet used the wrong Criminal Data Report (CDR) code***

Brown also contends that the sentencing sheet for his 2010 conviction listed the incorrect CDR code for Section 44-53-375.  Respondent counters that clerical errors fail to disturb the validity of a judgment.

The Court takes judicial notice that CDR codes "are four digit numerical codes which represent criminal offenses created by the South Carolina General Assembly and the common law." *CDR Codes – User Instructions*, S.C. Jud. Branch, https://www.sccourts.org/cdr/userinstructions.cfm (last visited Feb. 7, 2023).  They "are merely administrative 'shortcuts' to actual law" created to aid in the state court's use of online case records.  *Id*.

"The existence or non-existence of a CDR code does not affect the existence of a crime or its elements. Any errors in a CDR code do not affect the crime, its characterization as violent or non-violent, for example, or even if someone can be prosecuted for a crime." *Id*.

Hence, even if the 2010 conviction sentencing sheet listed the incorrect CDR code, such a clerical error fails to invalidate Brown's conviction.  *See United States v. Williams*, 997 F.3d 519, 524 (4th Cir. 2021) ("A clerical error in the form of an erroneously checked box does not suffice

to refute the government's showing that Williams's crime of conviction is the offense plainly spelled out on the sentencing sheet.").

### 3. Whether Brown's career offender designation was invalid because he served less than a year for one of the predicate convictions

Brown argues because he served less than a year on one of his predicate offenses, the First Step Act, 21 U.S.C. § 841(b)(1), bars his qualification as a career offender. Respondent fails to address this argument.

Brown misunderstands the impact of First Step Act. A "career offender" is defined by the Sentencing Guidelines. U.S.S.G. § 4B1.1. As stated above, an offense qualifies if it is "punishable by imprisonment for a term exceeding one year." *United States v. Chambers*, 956 F.3d 667, 669 (4th Cir. 2020) (quoting U.S.S.G. § 4B1.2(a)–(b)).

Thus, although a "serious drug felony" for the purposes of 21 U.S.C. § 841(b)(1) requires that the defendant actually serve more than a year, a classification as a career offender requires only that a sentence of more than a year was possible. *Compare* 21 U.S.C. § 802(57) (limiting the term "serious drug felony" to offenses for which, as relevant here, "the offender served a term of imprisonment of more than 12 months"), *with* U.S.S.G. § 4B1.2 (limiting the term "controlled substance offense" for career offender purposes as those, as relevant here, "punishable by imprisonment for a term exceeding one year").

Both Brown's predicate offenses were punishable by more than one year. The state court sentenced Brown to ten years as to his 2010 conviction. It sentenced him to three years as to 2009 conviction, but suspended that sentence to two years of probation. The state court ultimately revoked his probation and sentenced him to a year.

Accordingly, the Court properly designated Brown as a career offender. It will thus deny Brown's motion to vacate and grant Respondent's motion to dismiss as to this ground.

6

### B. *Whether the Court should vacate Brown's conviction for ineffective assistance of counsel*

Brown contends his counsel was ineffective because he failed to object to paragraphs thirty-six and sixty-five of the PSR. Paragraph thirty-six of the PSR lists Brown's 2010 conviction and states the offense is a predicate offense for career offender purposes. PSR ¶ 36. Paragraph 65 states Brown has two prior felony controlled substance convictions and is a career offender. It therefore applies an enhancement to his total offense level used to calculate his guideline range. PSR ¶ 65.

Additionally, Brown insists counsel should have objected that the government failed to put Brown on notice as to which convictions served as predicates for his career offender designation, the Court denied Brown his confrontation clause rights as to the convictions listed in those paragraphs, and "crack" is not a legal term and thus his conviction is not a controlled substance offense. Respondent maintains defense counsel made no mistakes, and thus was effective.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate two elements: 1) "counsel's performance was deficient," and 2) "the deficient performance prejudiced the defense . . . [so] as to deprive the defendant of a fair trial." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The first element analyzes whether trial counsel provided "reasonably effective assistance." *Id.* "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.*

The second element "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. The defendant raising an ineffective assistance challenge has an affirmative obligation to prove prejudice. *Id.* at 693.

7

"[T]he two-part *Strickland v. Washington* test [also] applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). "In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence[,]" and the second prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 58–59. "In other words, in order to satisfy the 'prejudice' requirement [of the second prong], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

As an initial note, defense counsel did object to paragraphs thirty-six and sixty-five, as well as Brown's designation as a career offender, albeit on different grounds than Brown raises here. The Court considers each of those new grounds below.

First, the PSR lists Brown's 2010 conviction and states that it serves as a predicate conviction for career offender purposes. It lists the same as to his 2009 conviction. The United States probation office disclosed the PSR to the parties on December 13, 2018. Sentencing occurred on February 7, 2019. The PSR therefore gave Brown notice of the Court's intention to designate him as a career offender and the relevant predicate offenses. As previously stated, defense counsel even objected to the use of the predicate offenses, which the Court ultimately overruled.

Second, Brown had a Sixth Amendment right to confront his accusers when he was charged with the possession with intent to distribute crack in state court. *See* U.S. Const. Amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]").

8

But, no such right attaches when a previous conviction is included in the criminal history section of the PSR. *See United States v. Powell*, 650 F.3d 388, 393 (4th Cir. 2011) ("But nothing in [the Supreme Court's recent Confrontation Clause] cases states that the confrontation right applies at sentencing; indeed, they suggest precisely the opposite.")

Third, as discussed above, even though crack is a nonlegal term, it is properly considered a predicate offense for a career offender designation.

Because defense counsel merely refrained from filing frivolous objections to the PSR, the Court determines Brown has failed to show defense counsel provided ineffective assistance under the deferential first prong of the *Strickland* test. It therefore need not consider the second prong, prejudice. *See Strickland*, 466 U.S. at 687 (holding the defendant must establish both prongs to show ineffective assistance of counsel).

The Court will thus deny Brown's motion to vacate and grant Respondent's motion to dismiss as to this ground as well.

### C.     *Whether the Court should grant Brown's other motions*

Brown also asks the Court to appoint counsel, expedite ruling on his motion to vacate, and to hold an evidentiary hearing.

The Court will deny Brown's motion to appoint counsel, inasmuch as he has effectively set forth his arguments in his motions and is unentitled to relief. And, as the Court rules upon Brown's motion to vacate in this order, Brown's motion to expedite will be deemed as moot.

Finally, Brown requests in his motion to vacate that the Court hold an evidentiary hearing. In deciding a 28 U.S.C. § 2255 petition, the Court need not hold a hearing if "the [petition] and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). For the reasons explained above, the Court determines no hearing is necessary.

## V.      CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Brown's motions to amend, ECF Nos. 214 and 216, are **GRANTED**; Brown's motion to vacate, ECF No. 207, is **DENIED WITH PREJUDICE**; Respondent's motion to dismiss, ECF No. 210, is **GRANTED**; Brown's motion to appoint counsel, ECF No. 218, is **DENIED**; Brown's motion to expedite, ECF No. 224, is **DEEMED AS MOOT**; and Brown's request for an evidentiary hearing, ECF No. 207, is **DENIED**.

To the extent Brown requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 17th day of April 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.